IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CAROL McINTYRE,                    :

    Plaintiff,                 :

vs.                                :          CA 10-0208-KD-C

AURORA CARES, LLC, etc., et al.,   :

    Defendants.

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b), on the defendants' motion to dismiss harassment claim (Doc. 35), plaintiff's response (Doc. 42), and the moving defendants' reply brief (Doc. 48). Upon consideration of the foregoing pleadings, the Magistrate Judge recommends that the Court **DENY** the defendants' motion to dismiss.

## FINDINGS OF FACT

1. On October 28, 2008, McIntyre filed a charge of discrimination with the EEOC. (*See, e.g.,* Doc. 35, Exhibit A.) Plaintiff stated that she was discriminated against because of her disability from April 28, 2008 through July 15, 2008.[1] (*Id.*) In support of her charge of discrimination, McIntyre submitted her statement and the affidavits of

---

[1] These dates represent the entirety of the period plaintiff was employed at Mobile Nursing & Rehabilitation Center, LLC. (*See id.*)

1

Gary Clemmons and Lawanda Baker. (*See id*.) Plaintiff's statement consists of some three pages of her description of how she was discriminated against because of her visual disability once she transferred to Mobile Nursing & Rehabilitation Center from the facility in Eight Mile, Alabama. (*See id*.)

2. The Mobile office of the EEOC issued a letter of determination on September 1, 2009. (Doc. 35, Exhibit B.) Therein, Director Erika LaCour importantly noted the following: "I further find that Respondent pursued a course of conduct which created *a hostile working environment* for Charging Party because of her disability and her requests for an accommodation. This environment became so severe over time that Charging Party had no alternative but to resign her employment, resulting in a constructive discharge because of her disability." (*Id*. at 1.) As a result of the finding of discrimination, the local director invited the parties to resolve the matter through informal methods of conciliation. (*See id*. at 2.) Ultimately, however, conciliation was a failure, the EEOC issuing to plaintiff a right to sue letter on March 17, 2010. (*See* Doc. 1, Exhibit A.)

3. On May 11, 2010, plaintiff initiated this action against defendants Tara Cares, LLC and Mobile Nursing & Rehabilitation Center, LLC alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA") due to disparate treatment (Count One) and creation of a hostile work environment (Count Two). (*See* Doc. 1.) Prior to any responsive pleading being filed, plaintiff amended her complaint on July 1, 2010. (*See* Doc. 10.) The only difference in the two complaints is plaintiff's

identification of the lead defendant, in the amended complaint, as "Aurora Cares LLC d/b/a Tara Cares." (*Compare id. with* Doc. 1.)

4.       Both defendants answered the complaint, as amended, on August 5, 2010. (Docs. 14 & 16.) Neither defendant filed a motion to dismiss. (*See* Docket Sheet.) Instead, in answer to the amended complaint, each defendant asserted among its defenses, the following: (1) "[t]he Amended Complaint, in whole or in part, fails to state a claim on which relief can be granted[;]" and (2) "[p]laintiff's claims, in whole or in part, are barred to the extent that she failed to exhaust all administrative conditions precedent to filing an action, including but not limited to failing to file an EEOC charge within 180 days of the alleged acts about which she complains and failing to raise her claims in her EEOC charge." (Docs. 14 & 16, at 6.)

5.       On June 6, 2011, concurrent with the filing of a motion for summary judgment addressing the merits of plaintiff's harassment claim (*compare* Doc. 36 (motion for summary judgment) *with* Doc. 37, at 13-21 (defendants' arguments regarding why plaintiff's hostile work environment harassment claim fails)), the defendants filed the instant motion to dismiss plaintiff's hostile work environment harassment claim, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 35). Defendants argue, in the first instance, that plaintiff has failed to state a claim upon which relief can be granted (Doc. 35, at 2-3) and, secondly, that, even if properly pled, this claim is "barred by her failure to exhaust administrative remedies." (*Id.* at 3; *see also id.* at 3-5.) In response, plaintiff claims that the defendants' motion to dismiss, to the extent it was filed pursuant to Rule 12(b)(6), is due to be

3

denied as untimely and, to the extent filed pursuant to Rule 12(b)(1), same is due to be denied because she exhausted all administrative remedies. (Doc. 42, at 1-6.) In reply, the defendants contend that the motion to dismiss is timely (Doc. 48, at 2-3); that plaintiff's allegations fail to meet the *Twombly* standard (*id*. at 3-4); and that plaintiff's hostile work environment claim is not like or related to her discrimination claim (*id*. at 5-7).

## **CONCLUSIONS OF LAW**

1.  Rule 12(b) of the Federal Rules of Civil Procedure provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required."[2] Fed.R.Civ.P. 12(b). That rule also provides that a party "may assert the following defenses by motion: (1) lack of subject-matter jurisdiction; [and] . . . (6) failure to state a claim upon which relief can be granted[.]" Fed.R.Civ.P. 12(b)(1) & (6). Finally, Rule 12(b) specifically provides that "[a] ***motion*** asserting any of these defenses ***must*** be made ***before pleading*** if a responsive pleading is allowed." Fed.R.Civ.P. 12(b) (emphasis supplied).

2.  Responsive pleadings in this action were not only allowed, they were required. Therefore, based on the clear wording of Rule 12(b), the defendants in this action were required to assert the defenses of lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted in a motion filed before the

---

[2] Responsive pleadings were certainly required in this case (*see* Docs. 5-6 (summons were returned executed and notations made that answers were due June 14, 2010)) and the defendants' answers, as aforesaid, contained the defenses of failure to state a claim and "putatively" lack of subject-matter jurisdiction based on the argument that McIntyre failed to exhaust all administrative remedies (*see* Docs. 14 & 16, at 6).

4

filing of their responsive pleadings. Accordingly, the defendants' belated attempt to now file a motion to dismiss, at the summary judgment stage, is a nullity. *Compare* Fed.R.Civ.P. 12(b) *with Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 971 n.6 (11th Cir. 2002) ("After answering the complaint, the defendants filed Rule 12(b)(6) motions to dismiss the plaintiffs' claims. Under Rule 12(b), these motions were a nullity; by filing an answer, the defendants had eschewed the option of asserting by motion that the complaint failed to state a claim for relief."). Stated differently, the defendants eschewed the option offered to them by Rule 12(b) to assert by motion that this Court has no subject matter jurisdiction[3] or that the complaint fails to state a claim for relief

---

[3] The basis for the defendants argument that this Court lacks subject-matter jurisdiction is plaintiff's alleged failure to exhaust her administrative remedies. (*See* Doc. 35, at 3-5.) The initial problem with this argument is that while the timely filing of a EEOC charge is a procedural prerequisite to suit akin to a statute of limitations, it is ***not*** a jurisdictional prerequisite. *See, e.g., Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982) ("We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."). As a result, courts tend to treat such motions as seeking dismissal in accordance with Rule 12(b)(6) as opposed to Rule 12(b)(1). *See, e.g., Banks v. Ackerman Security Systems, Inc.*, 2009 WL 974242, *2 n.3 (N.D. Ga. April 10, 2009) ("The Court dismisses these claims pursuant to Rule 12(b)(6) rather than 12(b)(1) because exhaustion of administrative remedies is not a jurisdictional prerequisite."). Such treatment, in turn, only serves to support the undersigned's recommendation that the defendants' motion to dismiss be denied in light of *Leonard, supra*. Moreover, because the timely filing of a charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, the defendants citation to Rule 12(h)(3), *see id*. ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."), in its reply (Doc. 48, at 2) provides no further support for their argument in this regard.

Even proceeding further in the analysis does not improve the defendants' stance. The defendants contend that McIntyre "did not raise allegations of disability harassment in her EEOC charge" and, therefore, did not place them on notice of this claim. (Doc. 35, at 4.) In making this argument, the defendants rely on *Freeman v. Koch Foods of Alabama*, 2011 WL 1218127 (M.D. Ala. March 31, 2011) which they contend stands for the proposition that a plaintiff fails to allege facts providing notice of a potential disability harassment claim where (Continued)

he/she does not check the box alleging discrimination was continuing and the allegations contain only discrete acts, not acts of harassment. (*Id*. at 4; *see also id*. ("As in Freeman, Plaintiff failed to check the 'continuing action' box on her EEOC Charge, and her allegations contained only discrete acts surrounding the alleged failure to accommodate and her purported constructive discharge as a result thereof. By omitting any acts of alleged harassment, Plaintiff denied Defendants the opportunity to investigate her claim of disability harassment or to respond thereto.").) Before explaining why *Freeman* actually supports the plaintiff's argument in this regard (*see* Doc. 42, at 6), the undersigned would note that there was absolutely no need for plaintiff to check the "continuing action" box on the EEOC charge given her claim that the discrimination took place between the specific time frame of April 28, 2008 and July 15, 2008 and the fact that these dates fall within 180 days of the filing of the charge of discrimination on October 28, 2008 (*see* Doc. 35, Exhibit A, at 1). *See Harris v. Fulton-DeKalb Hosp. Authority*, 255 F.Supp.2d 1347, 1366 (N.D. Ga.) ("The continuing violations doctrine provides an exception to the 180-day rule, allowing a plaintiff to pursue a claim on an alleged act of discrimination that took place ***more than 180 days before she filed her EEOC charge*** where that discriminatory act was part of a continuing violation of Title VII that continued into the period of time beginning 180 days before the EEOC filing." (emphasis supplied)), *aff'd*, 48 Fed.Appx. 742 (11th Cir. 2002).

Turning to *Freeman*, the undersigned notes that the court made clear that "the scope of an EEOC charge is determined by the extent of a reasonable investigation by the EEOC[,]" *id.* at *9, and in so finding cited to a binding Fifth Circuit decision, *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970), for the proposition that "'a judicial complaint filed pursuant to Title VII may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegation[s] during the pendency of the case before the EEOC. In other words, the scope of the judicial complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Freeman, supra,* at *9, quoting *Sanchez,* 431 F.2d at 466. Thus, "courts do 'not strictly interpret the *scope* of [the] EEOC charge[;]'" instead, "the scope of an EEOC charge—is a 'liberal' one." *Id*. at *9 (citations omitted). Here, in light of the EEOC's specific finding in its letter of determination that "Respondent pursued a course of conduct which created a hostile working environment for Charging Party because of her disability and her requests for an accommodation[]" (Doc. 35, Exhibit B, at 1), this Court can make no other determination but that a "reasonable investigation by the EEOC would encompass a disability-harassment claim" based upon the facts set forth in the EEOC charge, *Freeman, supra,* at *10, since this was the exact result of the EEOC's investigation. Accordingly, despite defendants' arguments to the contrary (Doc. 35; *see also* Doc. 48, at 6-7), the undersigned finds that plaintiff exhausted her administrative remedies as to all claims set forth in her complaint. In reaching this conclusion, the undersigned merely notes his disagreement with the defendants' description of plaintiff's hostile work environment harassment claim as a "new claim" (Doc. 48, at 5-6). The defendants' motion to dismiss is due to be denied.

with respect to Count Two[4] and, having done so, this Court need not now allow them to make such motion at the summary judgment stage of this litigation particularly since they have filed a motion for summary judgment addressing the merits of all of plaintiff's claims, including her hostile work environment harassment claim.

## CONCLUSION

Based upon the foregoing, the Magistrate Judge recommends that the motion to dismiss filed by the defendants (Doc. 35) be **DENIED**.

---

[4] Respecting the defendants' argument that Count Two of the amended complaint fails to state a claim upon which relief may be granted, the undersigned need only add to the nullity finding that it is clear from the defendants' lengthy explanation in their summary judgment brief of why plaintiff's hostile work environment harassment claim has no merit (Doc. 37, at 13-21) that at all times up to the point of the filing of the motion to dismiss defendants believed this claim had "facial plausibility[.]" *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

The undersigned would also note that while the defendants are correct that the Eleventh Circuit in *Skrtich v. Thornton*, 280 F.3d 1295, 1307 n. 13 (2002) indicated that a motion to dismiss "*may* be construed as a request for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c)[,]" there is no requirement that a court do so and, in this instance, the undersigned declines to construe the defendants' motion to dismiss as a motion for judgment on the pleadings. This is partly because the defendants filed a motion for summary judgment concurrent with the filing of its motion to dismiss but also because there was nothing preventing the defendants from couching their motion as a motion for judgment on the pleadings, *see* Fed.R.Civ.P. 12(h)(2)(B) ("Failure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c)[.]"). Indeed, *Skrtich* itself supports the undersigned's stance in this case, the Eleventh Circuit panel specifically noting that "because a responsive pleading—an answer—had been filed, under the plain language of Rule 12(b), a motion to dismiss would have been inappropriate." 280 F.3d at 1306. Accordingly, this Court should consider the merits of plaintiff's hostile work environment harassment claim in accordance with Rule 56. The undersigned declines the defendants' implicit invitation to convert their 12(b)(6) motion into a motion for summary judgment. (*See* Doc. 48, at 3.)

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 21st day of July, 2011.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.


2.      *Transcript* (*applicable Where Proceedings Tape Recorded*).  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial

---

[5]     Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

determination that transcription is necessary is required before the United States will pay the cost of the transcript.