IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CAROL McINTYRE,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )    **CIVIL ACTION NO. 10-00208-KD-C** |
| | ) |
| **AURORA CARES, LLC, d/b/a/ TARA** | ) |
| **CARES and MOBILE NURSING AND** | ) |
| **REHABILITATION CENTER, LLC.,** | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

This action is before the Court on the motion to reinstate and enforce mediation agreement filed by Plaintiff Carol McIntyre (doc. 57).[1] Upon consideration, and for the reasons set forth herein, the motion is **GRANTED** as to the motion to reinstate and **DENIED** as to the motion to enforce mediation agreement.

This action having been reinstated to the active docket of this Court, the Rule 16(b) Scheduling Order (doc. 24) is amended as follows:

8. **Final Pretrial Conference.** This action shall be pretried by Judge Kristi DuBose on **Wednesday, September 28, 2011 at 12:00 noon**, in Mobile, Alabama.

The J**oint Pretrial Document** required by the Order Governing Final Pretrial Conference shall be due on or before **12:00 Noon, Tuesday, September 27, 2011** (doc. 24-1, ¶ 1.).

9. **Trial Date.** This action will be set for jury selection on **Tuesday, October 4, 2011 at 8:45 a.m**. and for trial during the month of October, 2011, in Mobile, Alabama, the specific date to be set once the total number of actions to be tried that month is determined. The parties have

---

[1] Plaintiff's motion to supplement (doc. 58) is **GRANTED**.

estimated that this action will require 2-3 trial days.

Motion to reinstate

According to the Order entered on September 1, 2011, this action was dismissed with prejudice subject to the right of either party to reinstate the action within thirty (30) days of the date of the Order should the settlement agreement not be consummated (doc. 56).  The thirty day time period will expire on October 1, 2011.  Therefore, the motion is timely.

Motion to enforce settlement agreement

This Court does not have inherent power to enforce a settlement agreement solely on the basis that the agreement was reached in connection with a civil action before this Court.  In *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375 (1994), the Supreme Court explained that enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id*. at 378.  The "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id*. at 382.  Thus, this Court must have either ancillary jurisdiction because "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal" or "some independent basis for federal jurisdiction" exists. *Id*. at 380-382.

The settlement agreement was not made part of this Court's Order of dismissal.  Thus, ancillary jurisdiction does not exist.  Also, the information provided is not sufficient for the Court to determine whether an independent basis of jurisdiction, such as diversity jurisdiction, exists over the settlement agreement.

**DONE** and **ORDERED** this 22nd day of September, 2011.

 s / Kristi K DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**